Filed 7/15/14  Ortiz v. State Farm Mut. Auto. Ins. Co. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| NICHOLAS ORTIZ,<br><br>    Plaintiff and Appellant,<br><br>          v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>    Defendant and Respondent. | F067121<br><br>(Super. Ct. No. 11CECG01936)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jeffrey Y. Hamilton, Judge.

Perez, Williams, Medina & Rodriguez and Eric V. Grijalva for Plaintiff and Appellant.

McCormick, Barstow, Sheppard, Wayte & Carruth, Todd W. Baxter and Dana B. Denno for Defendant and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Cornell, J. and Poochigian, J.

This appeal arises from a dispute regarding insurance coverage following a motor vehicle accident. Appellant Nicholas Ortiz filed a complaint for declaratory relief claiming that he was entitled to underinsured motorist benefits under a policy issued by respondent, State Farm Mutual Automobile Insurance Company (State Farm), to appellant's employer. The trial court disagreed and granted summary judgment in favor of State Farm. The trial court concluded that the workers' compensation benefits appellant received offset the underinsured motorist benefits available to appellant under the State Farm policy. We will affirm the judgment.

## BACKGROUND

Appellant was injured while in the course and scope of his employment when a vehicle driven by Choi Seok Hwan collided with appellant's vehicle. Hwan's insurance policy had an available per person limit of $15,000 and appellant settled his liability claim for that amount. Appellant also received approximately $107,000 in workers' compensation benefits.

Appellant made a claim for underinsured motorist benefits under the State Farm policy. This policy has underinsured motorist limits of $100,000.

State Farm denied appellant's claim based on the following offset in the policy's underinsured motorist coverage:

> "Any amount payable under this coverage shall be reduced by any amount paid or payable to or for the *insured*:
>
> "a.     for *bodily injury* under the liability coverage; or
>
> "b.     under any workers' compensation, disability benefits, or similar law."

Appellant filed the underlying complaint for declaratory relief claiming that, when compared to the statutory requirements, this offset provision is overly broad and therefore is void. The trial court disagreed. The trial court concluded that the policy was to be read and enforced as if it did comply with the law and that the $107,000 appellant

2.

received in workers' compensation benefits reduced the available underinsured motorist benefits to "$0." Accordingly, the trial court granted State Farm's motion for summary judgment.

## DISCUSSION

Insurance Code[1] section 11580.2, subdivision (h), provides that

"[a]ny loss payable under the terms of the uninsured motorist endorsement or coverage to or for any person may be reduced:

"(1) By the amount paid … under any workers' compensation law, exclusive of nonoccupational disability benefits."

Although this setoff provision specifically applies to uninsured motorist coverage, it permits such a setoff against underinsured motorist coverage as well. (*Rudd v. California Casualty Gen. Ins. Co.* (1990) 219 Cal.App.3d 948, 953-954.)

Appellant acknowledges that he received workers' compensation benefits and that an insurer is permitted to offset such benefits against underinsured motorist coverage. Appellant's argument is based on the provision in the State Farm policy that permits an offset against "disability benefits" without excluding "nonoccupational disability benefits" as required by section 11580.2, subdivision (h)(1). According to appellant, providing for a setoff against "disability benefits" is overbroad and violates public policy. Therefore, appellant argues, the entire provision is void.

However, appellant received workers' compensation benefits, not "nonoccupational disability" benefits. State Farm was statutorily authorized to offset these workers' compensation benefits against the underinsured motorist coverage. By authorizing such a reduction, the Legislature intended to prevent the insured from recovering twice for the same injury. (*Rangel v. Interinsurance Exchange* (1992) 4 Cal.4th 1, 8.) "[T]he Legislature's purpose in enacting section 11580.2 was to 'shift the

---

[1] All further statutory references are to the Insurance Code.

cost of an industrial injury sustained by an employee, as the result of the negligence of an uninsured motorist, from the motoring public (who pay the premium for uninsured motorist coverage) to the employer or workmen's compensation carrier.'" (*Ibid*.) Thus, as applied to appellant, the offset provision in the State Farm policy promotes public policy.

Moreover, there is no requirement that a policy strictly adhere to the statutory language. (*McGreehan v. California State Auto. Assn.* (1991) 235 Cal.App.3d 997, 1004.) Rather, the provisions of section 11580.2 are a part of every insurance policy to which they are applicable. (*Hartford Fire Ins. Co. v. Macri* (1992) 4 Cal.4th 318, 324.) These provisions are read into the policy and become a part of it. (*Craft v. State Farm Mut. Auto. Ins. Co.* (1993) 14 Cal.App.4th 1284, 1292.) Accordingly, the State Farm policy's reference to "disability benefits" does not void the entire provision as a violation against public policy.

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to respondent State Farm.